**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ARTURO RODRIGUEZ,**

　　　Petitioner-Appellant,

v.　　　　　　　　　　　　　　　　　　　　　　　　**NO. 28,947**

**CYNTHIA ORTEGA,**

　　　Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Deborah Davis Walker, District Judge**

Cynthia Ortega
Albuquerque, NM

Pro se Appellee

Lynda Latta
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

　　　Petitioner-Appellant Arturo Rodriguez (Father) appeals from orders of the district court adopting a hearing officer's report (Report) on a child custody issue over his objections. [RP 393-94] Our notice proposed to affirm. Father responded with a memorandum in opposition. We have considered his arguments but remain

unpersuaded. We affirm.

**DISCUSSION**

**A.      Hearing Officer's Report**

Father argues on appeal that the district court erred by adopting the Report's findings and recommendations on child visitation because the Report was not supported by the facts and law of the case. [MIO 2]

Father contends that his former wife, Respondent-Appellee Cynthia Ortega (Mother), was not authorized to move out of state with their children absent his written permission or a court order. [MIO 5] He argues that because the parties had joint custody of the children, by moving out of state Mother violated NMSA 1978, § 40-4-9.1(J)(3)(1999), requiring parents with joint custody to consult with each other on major decisions involving the children before implementing those decisions. [MIO 4] However, Father's argument overlooks the specific terms of the parties' *modified* joint custody order.

The district court Order Adopting Advisory Consultation Recommendations entered August 26, 2003, provides as follows:

> Mother and Father will share Modified Joint Legal Custody. Mother will be free to make the ordinary day-to-day parental decisions about all matters affecting the care, health, and activities of the children without prior consultation with Father. Father will be kept informed, in writing, of any changes in the status quo and of the progress of the children's general development. *Mother and Father may consult with one another*

2

*about significant matters, but the ultimate power to decide what course of action shall be taken will rest with Mother.*

(emphasis added) [RP 145-46] The district court order allocated authority to make decisions regarding significant changes in the children's lives to Mother. *See* § 40-4-9.1(J)(5). The language of the Order is clear. Because mother had the ultimate decision-making power with regard to significant matters, she was not required to obtain Father's permission or a court order prior to moving out of state. [RP 145-46]

Mother was obligated to provide to Father in writing 30 days' notice of the date and destination of the move she intended to make. *See* § 40-4-9.1(J)(4)(a). Mother provided more than 30 days' notice to Father of the intended date and destination of the move. [RP 384] The record shows that Mother complied with the requirements of § 40-4-9.1(J)(4)(a) and attempted to resolve timesharing issues with Father before she relocated. [RP 369-70]

Prior to adopting the Report, the district court conducted an independent review of the Report, notice of hearing, and notice of filing in accordance with Rule 1-053.2(E) NMRA, which provides that a hearing officer's recommendations shall not become effective until reviewed and adopted as an order of the court. [RP 393] The record provides substantial evidence in support of the district court's order adopting the Report. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Landavazo v. Sanchez*, 111 N.M. 137,

3

138, 802 P.2d 1283, 1284 (1990). Because the district court complied with Rule 1-053.2(E) in adopting the order, and the order is supported by substantial evidence in the record, we affirm.

**B.      Hearing on Father's Objections**

Father argues on appeal that the district court erred by overruling his objections to the Report and by failing to grant his request for a hearing on his objections. [MIO 5]

On appeal, Father argues that the district court erred in adopting the Report because he was not provided a hearing on his objections to the Report's findings and recommendations. [MIO 5] Father contends that he was entitled to an additional hearing because the district court's review of his objections was merely cursory, and the seriousness of the issue required the court to conduct a meaningful review and set forth the basis for its decision to adopt the Report. [MIO 6-7]

Any party may file timely objections to a domestic relations hearing officer's recommendations. Rule 1-053.2(H)(1)(b). Upon receipt of timely objections, the district court must conduct a hearing appropriate and sufficient to resolve the objections. *Id*. The hearing shall consist of a review of the record unless the court determines that additional evidence will aid in the resolution of the objections. *Id*. When appropriate, the district court may rely upon the written presentations of the

4

parties. *Id.* It is within the discretion of the district court to determine whether the objections raised require more extensive review. *Id.*

The Hearing Officer found that Father's visitation rights remained unchanged, made temporary visitation arrangements, and set a hearing to finalize timesharing and child support. [RP 384-85] Father filed timely objections to several of the findings. [RP 387-90] Father's objections were essentially that Mother violated the court order by moving the children out of state without his permission, that she violated the timesharing agreement, and that the move was not in the children's best interest. [RP 387-89] The district court conducted a review of the record, Father's objections, and the Report, and found that the Report was supported by substantial evidence in the record as a whole and that the findings and recommendations were in accordance with the law. [RP 394]

In his memorandum in opposition, Father asserts that *Buffington v. McGorty*, 2004-NMCA-092, 136 N.M. 226, 96 P.3d 787, controls. [MIO 5-6] We agree. "The nature of the hearing and review to be conducted by the district court will depend upon the nature of the objections being considered." *Buffington*, 2004-NMCA-092, ¶ 31.

Father's objections pertained to Mother's authority to determine whether the move was in the children's best interest. [RP 387-89] The court order of August 26,

2003, allocated authority to Mother the power to make decisions regarding significant changes in the children's lives. [RP 145-46] The fact that Mother was authorized by court order to make major decisions regarding the children's lives undermined the validity of Father's objections. Because sufficient evidence existed on the record to make a final determination on the merit of Father's objections, the district court acted within its discretion when it deemed further evidence unnecessary.

"[T]he record of the hearing held before the district court must demonstrate that the court in fact considered the objections and established the basis for the court's decision." *Buffington*, 2004-NMCA-092, ¶ 31. The district court order stated that it reviewed Father's objections, the record, and the Report, and determined that substantial evidence supported the findings and recommendations. [RP 394] Nothing further is required.

We hold that the district court did not err by refusing to grant Father's request for a hearing on the objections. We hold that because the district court reviewed the record, objections, and Report prior to entering the order, Father was provided a hearing under the requirements of Rule 1-053.2(H). We affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**JAMES J. WECHSLER, Judge**


_____
**CELIA FOY CASTILLO, Judge**